**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 2 7 2023

TAMMY H. DOWNS, CLERK
By: _____ DEP CLERK
PLAINTIFFS

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JOHNNY CARROLL McDONALD, CASEY JACKSON, PHILIP FITZGERALD, JOHN SHEPPERSON, RICKEY COLEMAN, RORY COOPER, DERICK BUIRTS, TIFFANY CAMPBELL, NICHOLAS DELANEY, JASON CHAMBERS, JANET BOGAN, LARRY CALLOWAY, CHEYANN CHAMBERS, DEMETRIA FAILS, DASHAWN FELLOWS, MARY HENDRIX, CHAD JINKS, RICK KETCHAM, KIARRA McELWEE, ASHANTI MILES, STEFANIE MILLER, NORMAN SHARP, JEREMIAH STEPHENS, DIAMOND WARD, OLA WILLIAMS, EBONY WILSON, ELLISON FLORESTINE, JACINTO DIEGO, KIMBERLY McBRIDE, KELVIN POWELL and KIARA RAMEY**

Case No. 4:23-cv-61-KGB

vs.                                         No. 4:23-____-DPM

This case assigned to District Judge Baker
and to Magistrate Judge Volpe _____

**STETSON COURIER, INC., and JOHN STETSON**                    **DEFENDANTS**

## ORIGINAL COMPLAINT

Plaintiffs Johnny Carroll McDonald, Casey Jackson, Philip Fitzgerald, John Shepperson, Rickey Coleman, Rory Cooper, Derick Buirts, Tiffany Campbell, Nicholas Delaney, Jason Chambers, Janet Bogan, Larry Calloway, Cheyann Chambers, Demetria Fails, Dashawn Fellows, Mary Hendrix, Chad Jinks, Rick Ketcham, Kiarra McElwee, Ashanti Miles, Stefanie Miller, Norman Sharp, Jeremiah Stephens, Diamond Ward, Ola Williams, Ebony Wilson, Ellison Florestine, Jacinto Diego, Kimberly McBride, Kelvin Powell and Kiara Ramey (collectively "Plaintiffs"), by and through their attorneys Colby Qualls and Josh Sanford of Sanford Law Firm, PLLC, for their Original Complaint against Defendants Stetson Courier, Inc., and John Stetson ("Defendants"), and in support thereof, they do hereby state and allege as follows:

## I.    PRELIMINARY STATEMENTS

1.    This is an action brought by Plaintiffs against Defendants for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2.    Plaintiffs seek declaratory judgment, monetary damages, liquidated damages, costs, and a reasonable attorneys' fee, as a result of Defendants' policy and practice of failing to pay Plaintiffs proper minimum and overtime wages under the FLSA and under the AMWA within the applicable statutory limitations period.

3.    Upon information and belief, within the three years prior to the filing of the Complaint, Defendants have willfully and intentionally committed violations of the FLSA and the AMWA as described, *infra*.

4.    As set out in the Notice of Related Case filed concurrently with this Complaint, this lawsuit is related to *Holmes, et al. v. Stetson Courier, Inc., et al.*, No. 4:20-cv-191-DPM and *Hames, et al. v. Stetson Courier, Inc., et al.*, No. 3:21-cv-218-DPM.

5.    Each Plaintiff herein was an opt-in Plaintiff in the *Holmes* matter, and as such, is the beneficiary of the tolling of the statute of limitations from the date on which they first appeared of record in that matter and continuing through the date of the filing hereof.

## II.    JURISDICTION AND VENUE

6.    The United States District Court for the Eastern District has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

7.    Plaintiffs' claims under the AMWA form part of the same case or controversy and arise out of the same facts as his FLSA claims.

8.    This Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

9.    Defendants conducts business within the State of Arkansas.

10.    Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendants, and Defendants therefore "reside" in Arkansas.

11.    Plaintiffs were employed at Defendants' business in the Central Division of the Eastern District. Therefore, the acts alleged in this Complaint had their principal effect within the Eastern District, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### III.    THE PARTIES

12.    Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully incorporated in this section.

13.    Plaintiff Johnny Carroll McDonald is a citizen of the United States and a resident and domiciliary of Arkansas. He was a medical courier driver after June of 2019.

14.    Plaintiff Casey Jackson is a citizen of the United States and a resident and domiciliary of Arkansas. He was a medical courier driver after June of 2019.

15.    Plaintiff Philip Fitzgerald is a citizen of the United States and a resident and domiciliary of Arkansas. He was a medical courier driver after June of 2019.

16.    Plaintiff John Shepperson is a citizen of the United States and a resident and domiciliary of Arkansas. He was a medical courier driver after June of 2019.

17.    Plaintiff Rickey Coleman is a citizen of the United States and a resident and domiciliary of Texas.  He was a medical courier driver after June of 2019.

18.    Plaintiff Rory Cooper is a citizen of the United States and a resident and domiciliary of Arkansas.  He was a medical courier driver after June of 2019.

19.    Plaintiff Derick Buirts is a citizen of the United States and a resident and domiciliary of Arkansas.  He was a medical courier driver after June of 2019.

20.    Plaintiff Tiffany Campbell is a citizen of the United States and a resident and domiciliary of Arkansas.  She was a medical courier driver after June of 2019.

21.    Plaintiff Nicholas Delaney is a citizen of the United States and a resident and domiciliary of Arkansas.  He was a medical courier driver after June of 2019.

22.    Plaintiff Jason Chambers is a citizen of the United States and a resident and domiciliary of Arkansas.  He was a medical courier driver after June of 2019.

23.    Plaintiff Janet Bogan is a citizen of the United States and a resident and domiciliary of Arkansas.  She was a medical courier driver after June of 2019.

24.    Plaintiff Larry Calloway is a citizen of the United States and a resident and domiciliary of Arkansas.  He was a medical courier driver after June of 2019.

25.    Plaintiff Cheyann Chambers is a citizen of the United States and a resident and domiciliary of Arkansas.  She was a medical courier driver after June of 2019.

26.    Plaintiff Demetria Fails is a citizen of the United States and a resident and domiciliary of Arkansas.  She was a medical courier driver after June of 2019.

27.    Plaintiff Dashawn Fellows is a citizen of the United States and a resident and domiciliary of Arkansas.  She was a medical courier driver after June of 2019.

28.     Plaintiff Mary Hendrix is a citizen of the United States and a resident and domiciliary of Arkansas.  She was a medical courier driver after June of 2019.

29.     Plaintiff Chad Jinks is a citizen of the United States and a resident and domiciliary of Arkansas.  He was a medical courier driver after June of 2019.

30.     Plaintiff Rick Ketcham is a citizen of the United States and a resident and domiciliary of Arkansas.  He was a medical courier driver after June of 2019.

31.     Plaintiff Kiarra McElwee is a citizen of the United States and a resident and domiciliary of Arkansas.  She was a medical courier driver after June of 2019.

32.     Plaintiff Ashanti Miles is a citizen of the United States and a resident and domiciliary of Arkansas.  She was a medical courier driver after June of 2019.

33.     Plaintiff Stefanie Miller is a citizen of the United States and a resident and domiciliary of Arkansas.  She was a medical courier driver after June of 2019.

34.     Plaintiff Norman Sharp is a citizen of the United States and a resident and domiciliary of Arkansas.  He was a medical courier driver after June of 2019.

35.     Plaintiff Jeremiah Stephens is a citizen of the United States and a resident and domiciliary of Arkansas.  He was a medical courier driver after June of 2019.

36.     Plaintiff Diamond Ward is a citizen of the United States and a resident and domiciliary of Arkansas.  She was a medical courier driver after June of 2019.

37.     Plaintiff Ola Williams is a citizen of the United States and a resident and domiciliary of Arkansas.  She was a medical courier driver after June of 2019.

38.     Plaintiff Ebony Wilson is a citizen of the United States and a resident and domiciliary of Arkansas.  She was a medical courier driver after June of 2019.

39.    Plaintiff Ellison Florestine is a citizen of the United States and a resident and domiciliary of Arkansas.  He was a medical courier driver after June of 2019.

40.    Plaintiff Jacinto Diego is a citizen of the United States and a resident and domiciliary of Arkansas.  He was a medical courier driver after June of 2019.

41.    Plaintiff Kimberly McBride is a citizen of the United States and a resident and domiciliary of Arkansas.  She was a medical courier driver after June of 2019.

42.    Plaintiff Kelvin Powell is a citizen of the United States and a resident and domiciliary of Arkansas.  He was a medical courier driver after June of 2019.

43.    Plaintiff Kiara Ramey is a citizen of the United States and a resident and domiciliary of Arkansas.  She was a medical courier driver after June of 2019.

44.    At all times material hereto, Plaintiffs were entitled to the rights, protections, and benefits provided under the FLSA and the AMWA.

45.    Defendant Stetson Courier, Inc. ("Stetson Courier"), is a for-profit corporation registered in Florida.

46.    Defendant's registered agent for service is John Stetson at 595 Bay Isles Road, Suite 210, Longboat, Florida 34228-3135.

47.    Defendant John Stetson ("Stetson") is an individual and resident of Florida.

48.    Stetson is an owner, principal, officer and/or director of Stetson Courier.

49.    Stetson manages and controls the day-to-day operations of Stetson Courier, including by not limited to the pay policies applicable to Plaintiffs.

50.    During the relevant time, Defendants had at least two employees who engaged in interstate commerce or in the production of goods for interstate commerce,

or who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce.

51.    Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of the Original Complaint.

52.    During each of the three years preceding the filing of the Original Complaint, Defendants continuously employed at least four employees.

53.    Defendants were at all times relevant hereto Plaintiffs' employer and are and have been engaged in interstate commerce as that term is defined under the FLSA.

## IV.    FACTUAL ALLEGATIONS

54. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

55. During Plaintiffs' employment, Plaintiffs worked for Defendants as Medical Courier Drivers and are responsible for delivering pharmaceuticals.

56. Plaintiffs participate in interstate commerce as part of their jobs by delivering pharmaceuticals that have been produced and purchased out-of-state.

57. Each week, Plaintiffs were assigned routes to drive to pick up and deliver pharmaceuticals from Defendants' clients' business locations.

58. Plaintiffs were classified as independent contractors and were paid for each route they drove for Defendants plus a rate of $0.20 per minute for time spent waiting on the pharmacy to load the pharmaceuticals.

59.    Plaintiffs were required to drive their own vehicles to deliver

pharmaceuticals and were not properly compensated for their mileage.

60.    Plaintiffs' pay frequently fell below the minimum wages required by the FLSA and the AMWA.

61.    Plaintiffs occasionally worked more than forty (40) hours in a week.

62.    Defendants failed to pay Plaintiffs one and one-half times their regular rate of pay for all hours worked over forty (40) each week.

63.    Plaintiffs frequently drove between 200 and 1500 miles per week.

64.    Defendants did not sufficiently reimburse Plaintiffs for gas, mileage and automobile expenses.

65.    According to the Internal Revenue Service, the standard mileage rate for the use of a car during 2019 was 58 cents per mile, during 2020 was 57.5 cents per mile, during 2021 was 56 cents per mile, from January 1, 2022 to June 30, 2022 was 58.5 cents per mile, from July 1, 2022 through the rest of 2022 was 62.5 cents per mile, and during 2023 is 65.6 cents per mile.

66.    Because Plaintiffs drove between 200 and 1500 miles per week and were paid at or near minimum wage, Plaintiffs consistently "kicked back" to Defendants an amount sufficient to cause minimum wage violations. *See* C.F.R. § 531.35.

67.    Defendants expected Plaintiffs to follow Defendants' policies regarding their employment.

68.    Plaintiffs did not manage Defendants' enterprise or a customarily recognized subdivision of the enterprise.

69.    Plaintiffs did not exercise discretion and independent judgment with respect to any matters of significance.

70.     Plaintiffs were hired to work for Defendants for a continuous and ongoing period of time.

71.     Plaintiffs did not provide any training for any employee nor did they direct the work of any employee.

72.     Plaintiffs did not select any employees for hire, nor did Plaintiffs and other Medical Courier Drivers have any ability to fire employees.

73.     Plaintiffs did not have any control of or authority over any employee's rate of pay or working hours.

74.     Plaintiffs were required to purchase and wear Defendants' company uniforms.

75.     Plaintiffs were required to pass drug tests and background checks, which they were required to pay for themselves.

76.     Defendants determined Plaintiffs' pay scale for services without input from or negotiation with Plaintiffs.

77.     Defendants set prices for services without input from or negotiation with Plaintiffs.

78.     Defendants made decisions on advertising Defendants' business without Plaintiffs' input.

79.     Defendants made decisions on what new business to pursue or take without Plaintiffs' input.

80.     Plaintiffs did not negotiate contracts or prices with Defendants' customers.

81.     Defendants directed Plaintiffs.

82.     Plaintiffs were assigned regular routes, and they were not allowed to refuse

that route or request a different route.

83.    When Plaintiffs were "on call," they were in theory allowed to refuse to drive

a route, but Defendants indicated to Plaintiffs that continual refusals would result in fewer

routes being assigned to them overall.

84.    Defendants required Plaintiffs to follow the directions of Defendants with

respect to delivery of pharmaceuticals.

85.    Plaintiffs had no opportunity to share in Defendants' profits.

86.    Plaintiffs did not share in Defendants' losses.

87.    Plaintiffs were and are entitled to lawful minimum wages for all hours

worked and overtime wages for all hours worked over forty (40) per week.

88.    It was Defendants' commonly applied practice to not pay Plaintiffs a lawful

minimum wage for all hours worked up to forty (40) hours in one week, nor lawful overtime

wages for all hours worked in excess of forty (40) per week.

89.    Defendants knew or showed reckless disregard for whether the way they

paid Plaintiffs violated the FLSA and the AMWA.

## V.    FIRST CAUSE OF ACTION – Violations of the FLSA

90.    Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as

though fully incorporated in this section.

91.    Plaintiffs assert this claim for damages and declaratory relief pursuant to

the FLSA, 29 U.S.C. § 201, *et seq.*

92.    At all relevant times, Defendants were Plaintiffs' "employer" within the

meaning of the FLSA, 29 U.S.C. § 203.

93.    At all relevant times, Defendants have been, and continue to be, an

enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

94.    29 U.S.C. §§ 206 and 207 require employers to pay employees a minimum wage for all hours worked up to forty (40) in one week and overtime wages of 1.5 times the regular rate of pay for all hours worked over forty (40) in one week unless the employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

95.    During the period relevant to this lawsuit, Defendants misclassified Plaintiffs as independent contractors.

96.    Despite the entitlement of Plaintiffs to lawful minimum and overtime wages under the FLSA, Defendants failed to pay Plaintiffs lawful minimum wages for all hours worked up to forty (40) in each week and overtime wages for all hours worked over forty (40) in each one-week period.

97.    Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

98.    By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of the Original Complaint.

## VI.    SECOND CAUSE OF ACTION – Claims for Violation of the AMWA

99.    Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

100.    Plaintiffs assert this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. § 11-4-201, *et seq.*

101.   At all relevant times, Defendants were Plaintiffs' "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

102.   Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) in a week unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

103.   Despite the entitlement of Plaintiffs to lawful minimum and overtime wages under the AMWA, Defendants failed to pay Plaintiffs lawful minimum wages for all hours worked up to forty (40) in each week and overtime wages for all hours worked over for forty (40) in each one-week period.

104.   Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

105.   By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint, pursuant to Arkansas Code Annotated § 11-4-218.

## VII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs respectfully pray that Defendants be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A.   A declaratory judgment that Defendants' practices alleged herein violated the FLSA, the AMWA, and their relating regulations;

B.      Judgment for damages for all unpaid minimum and overtime wages pursuant to the FLSA, the AMWA, and their relating regulations;

C.      Judgment for liquidated damages pursuant to the FLSA, the AMWA, and their relating regulations;

D.      An order directing Defendants to pay Plaintiffs prejudgment interest, a reasonable attorneys' fee, and all costs connected with this action; and

E.      Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**JOHNNY CARROLL McDONALD,
et al., PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Colby Qualls
Ark. Bar No. 2019246
colby@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com