IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JOHNNY CARROLL MCDONALD, et al.**                                               **PLAINTIFFS**

vs.                                              No. 4:23-cv-61-DPM

**STETSON COURIER, INC., and JOHN STETSON**                         **DEFENDANTS**

## STATUS REPORT

Plaintiffs Johnny McDonald, et al., by and through their attorney Josh Sanford of Sanford Law Firm, PLLC, for their Status Report, state and allege as follows:

1. The purpose of this status report is to update the Court on the status of service of process.

2. Plaintiffs' counsel reached out to the attorneys who represent the Defendants Stetson Courier, Inc., and John Stetson in the related *Holmes* case to request waivers of service for this underlying case, but Plaintiffs' counsel was informed that those attorneys only represent Defendants in the consolidated *Holmes* case and that they were not authorized to accept service on Defendants' behalf in this case.

3. Plaintiffs' original deadline to serve Defendants was 27 April 2023.

4. Plaintiffs engaged a process server on or around 31 January 2023.

5. The process server served an individual on 3 April 2023. It was believed this individual was someone designated by law to accept service of process on behalf of Stetson Courier, Inc. (ECF No. 5) However, it has since come to Plaintiffs' counsel's attention that an incorrect entity with an almost identical name to Stetson Courier, Inc. was served instead of Stetson Courier, Inc.

6.    The process server continued to try multiple different addresses, but service continued to be unsuccessful.

7.    On 26 April, Plaintiffs filed a Motion for Extension of Time for Service of Process, seeking a 60-day extension to serve process on Defendants. (ECF No. 6)

8.    On 27 April, this Court granted Plaintiffs' Motion for Extension of Time for Service of Process and extended the deadline to serve Defendants up to and including 26 June 2023. (ECF No. 7)

9.    The process server made continual efforts to serve Defendants, including as recently as 21 June to no avail.

10.   On 28 June, in a single mailing, Plaintiffs sought to serve both Defendants, by registered or certified mail pursuant to A.C.A. § 4-27-1510, which holds that a foreign corporation can be served by certified mail at their principal office if the corporation: "(1) has no registered agent or its registered agent cannot with reasonable diligence be served; (2) has withdrawn from transacting business in this state under § 4-27-1520; or (3) has had its certificate of authority revoked under § 4-27-1531." A.C.A. § 4-27-1510(b). Under this statute, service is perfected "at the earliest of: (1) the date the foreign corporation receives the mail; the date shown on the return receipt, if signed on behalf of the foreign corporation; or (3) five (5) days after its deposit in the United States mail, as evidenced by the postmark, if mailed postpaid and correctly addressed." A.C.A. § 4-27-1510(c). See Exhibit A, showing certified mailings to the individual's last known address and the corporation's last known address of operation in Florida.

11.   This week, Plaintiff received these two mailings back, returned as undeliverable. See Exhibit B, returned envelopes.

12. On 28 June, Plaintiffs also mailed a copy of the Complaint and Summons in this case to the Florida Secretary of State, which was accepted on 5 July. *See* Exhibit C.

13. Plaintiffs also sought to serve the both Defendants by service on the Arkansas Secretary of State pursuant to A.C.A. § 16-58-120, which states that any "nonresident person who commits act in this state sufficient to give an individual in this state a cause of action against the person committing the acts shall have deemed to have appoint the Secretary of State as his or her agent for service of process on him or her in any suit arising out of the acts committed by said . . . nonresident." Arkansas Code Annotated § 16-58-120(b)(1). Service by this method is sufficient "if notice of the service and a copy of the process are forthwith sent by certified mail by the plaintiff or his or her attorney to the defendant at his or her last known address. . . and the defendant's return receipt . . . is attached to the writ of process and entered and filed in the office of the clerk of the court in which such cases are brought." A.C.A. § 16-58-120 (b)(2)(B).

14. Service under this statute is proper as Defendant Stetson Courier, Inc., never designated a registered agent in association with its operations within the state of Arkansas and upon information and belief has absented itself from the state.

15. On 20 July, Plaintiffs served the Arkansas Secretary of State via process server for service on Stetson Courier, Inc., and John Stetson. See Exhibit D.

16. On 21 July, the Arkansas Secretary of State, through Kelley Cobb of its Legal Division, mailed each Defendant a copy of the Original Summons, Complaint, Motion for Extension of Time, Order Granting Extension, and two cover letters indicating an intent at service of process under Arkansas law. See Exhibit E, cover letters from

Arkansas Secretary of State mailings.

17. On 8 August, via separate mailings, Plaintiffs sent a copy of both proofs of service on the Arkansas Secretary of State to Defendant Stetson Courier, Inc., and John Stetson at their last known addresses, in an attempt to comply with A.C.A. § 16-58-120(b)(2)(B).

18. As of this filing, Plaintiffs have not received any confirmation of receipt or rejection, and likely will not for some time as the U.S.P.S. attempts service.

19. Plaintiffs believe that they may have properly effected service on Defendants by serving them through the Arkansas Secretary of State, but they will not know for sure until their 8 August mailings under A.C.A. § 16-58-120(b)(2)(B) are accepted by Defendants.

20. Plaintiffs understand this Court's reticence to further extend the time for service, and thus do not request one at this time.

21. However, it is possible that the mailings will be rejected, and Plaintiffs may need to retroactively request an additional extension and permission to serve by alternative means.

22. Plaintiffs will file an additional status report or the aforementioned motion promptly upon further information regarding the 8 August mailings.

Respectfully submitted,

**JOHNNY CARROLL MCDONALD, Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com